IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

QUINCY MILES, On Behalf of Himself § 
and All Others Similarly Situated, §
§
    Plaintiff, §
§ Civil Action No. 3:16-CV-0778-D
VS. §
§
ILLINI STATE TRUCKING CO., §
§
    Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant's March 6, 2017 motion to amend scheduling order is denied.[1] Defendant's motion does not address the good cause standard of Fed. R. Civ. P. 16(b)(4) or the pertinent four-factor test. "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *1 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)) (addressing motions for leave to amend). The court has made exceptions, however, in cases where the movant does not address the Rule 16(b)(4) good cause standard, but the grounds on which it relies to establish good cause are relatively clear. *See, e.g., Nieves v. John Bean Techs. Corp.*, 2014 WL 2587577, at *2 (N.D. Tex. June 10, 2014) (Fitzwater, C.J.) ("Nieves neither identifies the correct standard nor cites Rule 16(b)(4) in her brief, but the grounds on which she

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

relies enable the court to apply the pertinent four-factor test."); *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). ("Cartier does not brief its motion under the Rule 16(b)(4) good cause standard or related case law, but the grounds on which it relies to establish good cause are relatively clear."). In the present case, although defendant uses the term "good cause" in the conclusion of its motion, it makes no attempt to address the good cause standard or the pertinent four-factor test, and the grounds on which it relies to establish good cause are insufficient to enable the court to conduct the required analysis of the pertinent factors. The motion is therefore denied.[2]

**SO ORDERED**.

May 4, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] It appears from defendant's reply that the parties have agreed to some scheduling modifications. The parties also intended to mediate the case by April 28, 2017. Nothing in this memorandum opinion and order prevents the parties from requesting court approval of scheduling changes to which the parties have already agreed or that result from the parties' efforts to mediate the case. Additionally, to the extent that a conference with the magistrate judge may assist the parties in bringing this case to trial or other disposition more promptly and at a lower cost, the court is willing to grant a request for such a conference.